IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMISON L. WINTERS                                          PETITIONER

V.                                    CIVIL ACTION NO. 4:25-CV-00070-SA-JMV

MISSISSIPPI DEPARTMENT OF CORRECTIONS                       RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Jamison L. Winters for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent moved to dismiss the petition as barred under the doctrine of procedural default. The petitioner failed to respond to the motion, and the time for doing so has passed. The matter is now ripe for resolution. For the reasons set forth below, Respondent's motion to dismiss will be granted, and the instant petition will be dismissed with prejudice as barred under the doctrine of procedural default.

Procedural Background

Petitioner Jamison L. Winters is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Mississippi State Penitentiary located in Parchman, Mississippi. Doc. # 7. On July 3, 2009, a Grand Jury in the Circuit Court of Grenada County, Mississippi, indicted Winters on charges of sexual battery and touching a child for lustful purposes. Doc. # 11-1 at 5. On July 31, 2009, Winters entered a guilty plea on both charges. *Id.* at 38-43, 53-65. The Grenada County Circuit Court sentenced Winters to concurrent terms of twenty (20) years for sexual battery, with ten (10) years to be served on post-release supervision ("PRS"), and ten (10) years for touching a child for lustful purposes. *Id.* at 49-65; *see also* Doc. # 12-1. The judgment also imposed upon Winters a duty to register as a sex offender. *See id.*

Winters submitted a "Petition to Clarify Sentence" which was stamped as "Filed" in the Grenada County Circuit Court on July 6, 2015. Doc.# 11-3 at 4. In the motion, Winters essentially

sought reconsideration or a reduction of the sentence imposed. *Id.* Winters filed four separate Petitions for Writs of Mandamus in the Mississippi Supreme Court; those filings occurred on June 23, 2016; July 6, 2016; August 11, 2016; and March 13, 2017. Doc.# 11-4 at 7-30. In said filings, Winters sought a ruling on his pending motion for reconsideration in the trial court. *Id.* On July 21, 2016, the Mississippi Supreme Court entered an Order dismissing Winters' initial first mandamus petition without prejudice because he "ma[de] no showing that he filed said petition in the circuit court." *Id.* at 26.

On March 10, 2017, the Clerk of Court for the Mississippi Supreme Court sent a letter to the Grenada County Circuit Court Judge advising him that the mandamus petition had been filed and directed him to file a response on or before March 27, 2017. Doc. # 11-3 at 17; *see also* Doc. # 11-4 at 5. On March 24, 2017,[1] the Grenada County Circuit Court entered an "Order Denying Petition to Clarify Sentence" in which it found that it had "no authority to reduce, suspend or in any way change, alter, or modify [Winters'] sentence" and would otherwise "deny the request to modify [Winters'] sentence if it had the authority to grant such a request." *Id.* at 15-16; *see also* Doc. # 11-4 at 3-4. Given that the circuit court entered a ruling on Winters' pending motion, the Mississippi Supreme Court entered an Order dismissing Winters' mandamus action as moot on March 31, 2017. Doc. # 11-4 at 2.

Winters completed his ten-year sentence for touching a child for lustful purposes and initial ten years for sexual battery and, consequently, MDOC entered a Discharge Certificate releasing Winters from custody on January 6, 2019 "due to Expiration of Sentence." Doc. # 12-2. Thereafter, Winters was to begin serving the remainder of his sexual battery sentence on PRS. *See id.*

---

[1] The Order stamped as filed on the court's docket on March 27, 2017, but was signed by the trial judge on March 24, 2017. *See* Doc. # 11-3 at 15-16.

On August 16, 2019, a "Petition to Revoke Post Release Supervision and Impose Suspended Sentence" was filed in his Grenada County Circuit Court case; the petition was based on his May 2019 and August 2019 arrests for failure to register as a sex offender. Doc. # 12-3; *see also* Doc. # 11-1 at 81-84. The petition indicated that Winters "ha[d] been bound over to the Grand Jury." *Id.* The circuit court did not enter a revocation order at that time.

On January 9, 2020, in a separate cause, Winters signed a Petition to Enter Plea of Guilty in which he pled guilty to the charges for failure to register as a sex offender. Doc. # 11-5 at 18-20. A hearing was held the same day during which the circuit court accepted Winters' plea. *See id.* at 21-47. Following his plea on the charges of failure to register as a sex offender, the Grenada County Circuit Court sentenced Winters to five years in MDOC custody, with 147 days to serve and four years and seven months on PRS. *Id.* at 48-49; *see also* Doc. # 12-4.

On October 1, 2020, a "Petition to Revoke Post Release Supervision and Impose Suspended Sentence" was filed in Winters' 2019 failure to register case for his repeated failure to register in violation of Miss. Code Ann. § 45-33-33 and for "being at the campgrounds at Grenada Lake" in violation of Miss. Code Ann. § 45-33-26. Doc. # 12-5; *see also* Doc. # 11-5 at 62-68. Also on that date, an Order Continuing Case was entered continuing "the probation revocation hearing . . . until a resolution of the pending felony charge against [Winters] that gave rise to the hearing . . . or until further order of th[e] court."[2] Doc. # 12-6; *see also* Doc. # 11-5 at 69.

On August 29, 2023, Winters signed a "Waiver of Rights to Notice and/or Waiting Period Prior to Post Release Revocation Hearing" and a "Waiver of Right to Preliminary Post Release Revocation Hearing." Doc. # 12-7; *see also* Doc. # 11-1 at 91-93. That same day, the Grenada County Circuit Court entered an "Order Revoking Probation" finding that Winters had "violated

---

[2] The trial judge signed the order on October 1, 2020, but it was stamped as filed on the court's docket on October 20, 2020. *See* Doc. # 12-6.

the terms of his probation" due to his failure to register as a sex offender in Forrest County; failure to report since November 2022; failure to report a compliant address; and failure to pay supervision fees.[3] Doc.# 12-8; *see also* Doc. # 11-1 at 94. As such, the circuit court revoked Winters' probation and suspended sentence and ordered him to "serve the remaining years of his sentence" in MDOC custody. *Id.* Winters is, therefore, currently serving his revoked sexual battery sentence in MDOC custody. *See* Doc. # 12-9.

On June 16, 2024, Winters submitted an Administrative Remedy Program ("ARP") complaint in which he challenged his revocation proceedings and argued that his revoked sentence constituted a Double Jeopardy violation. Doc.# 12-10 at 2. Just over two months later, on August 22, 2024, MDOC "rejected" Winters' ARP complaint because it was a "court matter." *Id.* at 1. Winters acknowledged receipt of the ARP rejection on August 26, 2024. *Id.* at 3.

On November 5, 2024, Winters filed a "Petition for Post-Conviction Relief Pursuant to 99-39-1 et seq." ("PCR motion") in the Grenada County Circuit Court. Doc. # 12-11; *see also* Doc. # 11-6 at 2-4. In his PCR motion, Winters challenged the revocation proceedings and argued the trial court had imposed an illegal sentence. *Id.* On February 11, 2025, the circuit court entered an Order denying Winters' PCR motion.[4] Doc. # 12-12; *see also* Doc. # 11-6 at 6. Winters failed to appeal or otherwise seek further review of the circuit court's denial of his PCR motion.

Winters initiated these proceedings by submitting a civil rights complaint under 42 U.S.C. § 1983 on May 27, 2025. Doc. # 1. Based on the nature of relief sought, the Court converted the case to a habeas pleading under 28 U.S.C. § 2254 and directed Winters to submit an amended § 2254 petition on the court's standard form for such petitions. Doc. # 4.

---

[3] The Order was signed by the trial judge on August 29, 2023, but stamped as filed on the court's docket on February 10, 2025. *See* Doc. # 12-8.
[4] The Order reflected a signature date of February 11, 2025, but was stamped as filed on the court's docket on February 14, 2025. Doc.# 12-12.

4

On June 10, 2025, Winters filed an amended § 2254 petition, in which he raises claims similar to those raised in his ARP complaint and PCR motion. Doc.# 7. Winters raises one ground for relief, specifically challenging his revocation proceedings and arguing that he "was sentenced for a crime [he] already did time on, with the same years over again." *Id.* at 5. Attached to his petition are his PCR motion and a copy of Miss. Code Ann. § 47-7-37. Doc. #s 7-1, 7-2, 7-3. Winters avers that the "only court paper [he] filed" were those in the "Grenada Circuit Court and here [in the] U.S. District Court." Doc. # 7 at 5. Winters further asserts that he has "been filing this through [the] remedy process [t]here at MSP and they have been refusing [him]." *Id.* at 13; *see also id.* at 5 (stating that he "did exhaust [his] remedy opinion and they refused").

By way of relief, Winters seeks release from custody and a court order that "all [his] lost wages be reinvested to [him], including lost property, bank card, social security, birth certificates, and driver[']s licenses with over twenty-five thousand in lost wages." *Id.* at 15. On June 10, 2025, the Court entered an Order directing Respondent to answer Winters' petition on or before August 25, 2025. Doc. # 8. On August 25, 2025, Respondent moved to dismiss Winters' petition as procedurally defaulted. Doc. # 12. To date, no response has been filed.

<u>The Doctrines of Procedural Default and Procedural Bar</u>

If an inmate seeking habeas corpus relief fails to exhaust an issue in state court—and no more avenues exist to do so—under the doctrine of procedural default that issue cannot be raised in a federal habeas corpus proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, "[w]hen a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson,* 238 F.3d 631, 634 (5th Cir. 2001) (citations omitted). This doctrine is known as procedural bar.

5

<u>Cause and Prejudice—and Fundamental Miscarriage of Justice—</u>

<u>As Ways to Overcome Procedural Default and Bar</u>

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome the barriers remain the same. First, the petitioner can overcome the procedural default or bar by showing cause for it—and actual prejudice from its application. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). For a finding of cause, "there must be something *external* to the petitioner, something that cannot fairly be attributed to him" which prevented him from raising and discussing the claims as grounds for relief in state court. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003).

Even if a petitioner cannot meet the cause and prejudice standard, he may still overcome the procedural default or bar if he can show that a fundamental miscarriage of justice would result if the default or bar were applied. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted). To show that such a miscarriage of justice would occur, a petitioner must prove "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citations omitted). Further, he must support his allegations with new, reliable evidence, that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 644 (citations omitted).

<u>Analysis Under Procedural Default Framework</u>

Respondent argues that Winters' claims are now procedurally defaulted due to his failure to exhaust in state court. "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169

F.3d 295, 302 (5th Cir. 1999). To satisfy this requirement, a federal habeas petitioner must generally present his claims to the state's highest court in a procedurally proper manner and provide that court with a fair opportunity to pass upon the claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). If an inmate seeking habeas corpus relief fails to exhaust an issue in state court—and no more avenues exist to do so—under the doctrine of procedural default that issue cannot be raised in a federal habeas corpus proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

As set forth above, Winters filed a PCR motion in the trial court which was denied by order entered on February 11, 2025. Winters failed to appeal that denial and, as a result, the Mississippi Supreme Court, the state's highest court, never had the opportunity to consider Winters' claims. Given these circumstances, Winters failed to exhaust these claims in state court. His failure to exhaust renders these claims procedurally defaulted. Winters did not file a response in opposition and, therefore, does not dispute this determination. This is so because the time for filing an appeal from the trial court's order denying Winters' PCR motion has long passed. *See* Miss. R. App. 4(a) (providing that a notice of appeal must be filed within thirty (30) days after the entry of the judgment or order appealed from).

Moreover, any future motions for post-conviction relief that may include the same claims as those asserted in the motion already denied by the trial court would be dismissed as procedurally barred. *See* Miss. Code Ann. § 99-39-23(6)[5] (providing that "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and . . . shall be a bar to a second or successive motion under this article"); *see also Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would

---

[5] The Fifth Circuit has found that Section 99-39-23(6) is an independent and adequate state bar. *See Chancellor v. Mississippi, et al.*, 129 F. App'x 878 (5th Cir. 2005); *see also Spicer v. Cain*, 2021 WL 4465828, at *3 (5th Cir. Sept. 29, 2021) (recognizing that "Mississippi's post-conviction procedural bars for untimely and successive petitions are independent and adequate state procedural grounds").

now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."). As such, Winters has defaulted these claims, and they are procedurally barred from federal habeas review. *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (holding that when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review").

Thus, to obtain habeas review of his defaulted claims, Winters must demonstrate cause for the default and actual prejudice as a result, or that a failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Winters has not identified any external action which prevented him from presenting these claims to the state appellate court on appeal. *See id*. Nor has he demonstrated any actual prejudice because of the imposition of this bar. Moreover, Winters has not proven, as a factual matter, that he did not commit the crime resulting in the revocation of probation, nor has he presented any new, reliable evidence that would show that, "more likely than not [] no reasonable juror would have convicted him in light of the new evidence." *See Fairman*, 188 F.3d at 644. Accordingly, Winters' claims challenging the revocation proceedings and resulting sentence imposed are procedurally barred (under the doctrine of procedural default) from federal habeas review.

<u>Requests for Damages and Lost Wages Not Cognizable</u>

As mentioned above, Winters requests damages and lost wages in his prayer for relief. However, such remedies are not cognizable in federal habeas proceedings. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); *see also Muhammad v. Close*, 540 U.S. 749, 750-51

(2004) (providing that damages are unavailable in a habeas proceeding). Thus, Winters' requests for damages and lost wages will be dismissed without prejudice.

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Winters must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Winters must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

Conclusion

For the reasons set forth above, Respondent's Motion to Dismiss [12] will be GRANTED, and the instant petition for a writ of habeas corpus will be DISMISSED with prejudice as barred under the doctrine of procedural default. Petitioner's requests for damages and lost wages are DISMISSED without prejudice. The Court further DENIES a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

SO ORDERED, this the 7th day of January, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE